FRANK SCRUGGS, Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

### St. Louis Court of Appeals, February 23, 1897.

1. **Railroads:** STOCK KILLED ON UNFENCED RIGHT OF WAY: PLEADING: EVIDENCE: NONSUIT. In a suit against a railroad for double damages for killing a cow, where the averment of the petition was that the cow came upon defendant's track, at a point where the road passed through uninclosed lands, that the right of way was not fenced at that point, and defendant appeared to the action, and made no special denial of ownership, and witnesses examined referred to the road as belonging to defendant, and the trial was conducted as if these facts were undisputed, there was no merit in an instruction of nonsuit offered on the ground that plaintiff had failed to show that defendant was operating the road. Nor was there any merit in the ground that plaintiff was not the owner of the cow, where the evidence was that the animal was purchased by plaintiff from an hotel keeper, and paid for out of wages of his wife, who was employed at the hotel. Such evidence was not conclusive that the wife owned the cow.

2. ———: ———: INSTRUCTION. An instruction that if the jury believed from the evidence that the cow in question belonged to plaintiff, and that she got on defendant's track, at a point on the track where it passed through uninclosed lands, and that the track was not fenced at that point, and that the animal was struck and killed by defendant's cars, they should find for plaintiff, was not faulty in fail-

ing to negative the fact that the cow came upon the right of way of defendant at a public crossing, where the evidence tended to show that the animal came upon the track a short distance west of a public road.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Olden & Orr* for appellant.

Defendant's demurrer to plaintiff's evidence should have been sustained. There was a failure of proof that defendant owned or operated any cars at the place or on the day alleged. *Gilbert v. R. R.*, 23 Mo. App. 65; *Lindsay v. R. R.*, 36 *Id.* 51. Moreover the evidence shows the cow was, when killed, the separate property of plaintiff's wife, who was not a party to the suit. Sec. 6869, R. S. 1889; *Broughton v. Brand*, 94 Mo. 169; *Gilliland v. Gilliland*, 96 *Id.* 522; *Reiper v. Reiper*, 79 *Id.* 352; *McCoy v. Hyatt*, 80 *Id.* 130; *Rogers v. Bank*, 69 *Id.* 561; *Blair v. R. R.*, 89 *Id.*

There was ample evidence from which the jury might have found that the cow came onto the track within the limits of the public highway, and instructions numbered 2, 3 and 4 asked by defendant should have been given. *Giltz v. R. R.*, 65 Mo. App. 447; *Luckie v. R. R.*, 76 Mo. 639; *Soward v. R. R.*, 33 Iowa, 387; *Brown v. R. R.*, 20 Mo. App. 432; *State v. Walters*, 69 Mo. 463; *Roberts v. R. R.*, 43 Mo. App. 287.

The highway having been established under the statute of 1865, which fixes the maximum width at sixty feet, and the minimum width at forty feet, the evidence shows that the cow came onto the track within this minimum width. R. S. 1865, sec. 5, chap. 52; *Hargis v. R. R.*, 100 Mo. 220.

Plaintiff's instruction does not negative the idea that the cow might have come onto the track at the public crossing. *Goodwin v. R. R.*, 53 Mo. App. 9; *Lindsay v. R. R.*, 36 *Id.* 12.

No brief filed for respondent.

BIGGS, J.—This is an action to recover double damages for killing a cow. The allegation in the petition is that the animal came upon the track of the defendant's road, at a point where the road passed through uninclosed lands, and that the right of way was not fenced at that point. The plaintiff recovered in the action. The defendant has appealed and insists that its instruction of nonsuit ought to have been given, for the reasons that the plaintiff failed to show that the defendant was operating the road, or that he was the owner of the cow. It also complains of the action of the court in giving the instruction asked by the plaintiff, and of the refusal of those asked by it.

No witness stated that the defendant owned and operated the railroad, but the petition averred it, the defendant appeared to the action and made no special denial of ownership, and the trial seems to have been conducted throughout as if these facts were undisputed. In the examination of witnesses the railroad was referred to as belonging to the defendant. The evidence is clear that the cow was struck and knocked off the railroad track, and that a short time before she was discovered a train passed at that point going south. It is obvious we think that there is no merit in this point.

STOCK killed on unfenced right of way: pleading: evidence: non-suit.

Neither is there any merit in the other ground for the instruction of nonsuit. The evidence was to the effect that the cow was purchased by the plaintiff from an hotel keeper, and that she was paid for out of the

wages of the plaintiff's wife, who was employed at the hotel as a cook. The plaintiff testified that in order that his wife might work away from home he did the housework himself, in addition to his farm work; that he and his wife adopted this course in order to accumulate "a little something" for themselves. This evidence does not conclusively prove that the wife owned the cow.

The instruction complained of is as follows:

"The court instructs the jury that if they believe from all the facts and circumstances given in evidence INSTRUCTION. that the cow in question belonged to plaintiff, and that she got on defendant's railroad track in Howell county at a point on said track where the same runs through uninclosed lands and that said track was not fenced at said point or place, and that said cow was struck and killed by the engine and cars of defendant, being run and operated by its servants and employees, then you should find for the plaintiff and assess his damages at whatever sum you may find she was worth from the testimony." It is claimed that this instruction is faulty, in that it fails to negative the fact that the cow came upon the right of way of the railroad at a public crossing. The evidence tended to show that the cow came upon the track a short distance west of a public road. There was snow on the ground and the tracks of the cow in the snow showed conclusively that she passed onto the right of way of the railroad through uninclosed lands, and that she came onto the track outside of the public road and was there struck and killed. After the accident the defendant built fences and constructed a cattle guard on that side of the track where the cow was killed. One witness stated that the cow was struck about twenty-two feet west of this cattle guard, and that he *thought* that the space between that cattle guard and

the one on the other side of the highway was only thirty feet.    He knew nothing about the actual width of the road or its true location.    The public road was established in 1865, and as the maximum width of public roads at that time was sixty feet, the defendant's counsel argues that it was possible that the animal came upon the track within the limits of the highway. Such an inference we do not think is a fair one under the evidence.    It is too far-fetched.    Therefore the circuit court did right in refusing to qualify the plaintiff's instruction.    As the defendant's instructions presented its theory of the evidence, the court likewise did right in refusing them.

With the concurrence of the other judges the judgment of the circuit court will be affirmed.    It is so ordered.    All concur.